## STATE COURT OF APPEALS—Continued

No. 828

SPERO ELECT. MFG. CO. v. PARK LANE REALTY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5670. Decided April 27, 1925

475. ESTOPPEL—Where act of drawee on order misleads the payee, former should be estopped from denying status logically and plainly inferable from the obligations which it imposed upon itself by acceptance of the order and its promise to honor same.

SULLIVAN, J.

The Spero Electrical Manufacturing Co. instituted an action in the Cleveland Municipal Court against the Park Lane Realty Co. to recover for labor and material used in its business with one Bush.

It seems that Louis Bush, a contractor, engaged the Electrical Co. to install certain electrical work and the company demanded that there be some security for about $1000 more work to be done. Bush executed the following order to the Realty Co., "Pay to the Spero Electric. Mfg. Co. or order, $984.09. You may deduct this amount from money owing me. This covers payment of material to be furnished to me for use in the Park Lane Villa Bldg. Copy of invoice is herewith attached."

(Signed) Louis H. Bush.

"The above order is satisfactory to us and we agree to honor same."

(Signed) Park Lane Realty Co.

"This order has been accepted and we hereby agree to look to the Park Lane Realty Co. for settlement of this account."

(Signed) Spero Elect. Mfg. Co.

Judgment in the Municipal Court was in favor of the Realty Co. and error proceedings were instituted by the Mfg. Co. to reverse this judgment. The Court of Appeals held:

1. The last paragraph in the order signed by the Mfg. Co. is eliminated from the interpretation which the court will undertake to give the rest of the language for the reason that it appears to be a self serving declaration on part of the Mfg. Co.

2. The construction put upon said order is that when the Realty Co. signed said order, it agreed to and became bound by whatever obligation was reasonably growing out of the language over its signature, to wit: "The above order is satisfactory to us and we agree to honor the same."

3.. That standing alone is absolute and unqualified, and the only interpretation that can be given to the word "honor" is that it means the same as though it were "pay".

4. The very nature of an order by one person to another for payment of money to a third person, rests upon the proposition of an obligation or a credit due the drawer from the drawee, and which is to cancel, to the extent of its amount, any indebtedness due the payee of the order from the drawer thereof.

5. It is apparent from the record, that the supplies were furnished and the indebtedness created by reason alone of the fact of the Realty Co. in accepting the order and agreeing to honor same.

6. Inasmuch as the act of the Realty Co. misled the Mfg. Co., the Realty Co. should be estopped from denying the status logically and plainly inferable from the obligation which it imposed upon itself by acceptance of the order and its promise to honor same.

7. The court below committed prejudicial error because the judgment is clearly against the weight of the evidence and contrary to law.

Judgment reversed.

Attorneys—J. B. Dworken for Mfg. Co.; Oscar J. Horn and C. E. Weisell for Realty Co.; all of Cleveland.